## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CUNNINGHAM PROPERTY**
**MANAGEMENT TRUST,**
**Individually and on behalf of a**
**class of all others similarly situated,**

         **Plaintiffs,**             **Case No. 2:16-CV-957**
                                **JUDGE EDMUND A. SARGUS, JR.**
      **v.**                      **Magistrate Judge Chelsey M. Vascura**

**ASCENT RESOURCES-UTICA, LLC,**

         **Defendants.**

**BRIAN EATON and CYNTHIA EATON,**

         **Plaintiffs,**            **Case No. 2:19-CV-3412**
                                **JUDGE EDMUND A. SARGUS, JR.**
      **v.**                      **Magistrate Judge Chelsey M. Vascura**

**ASCENT RESOURCES-UTICA, LLC,**

         **Defendants.**

## OPINION AND ORDER

The instant matter is before the Court for consideration of two motions for consolidation filed by Cunningham Property Management Trust ("Cunningham") and Brian Eaton and Cynthia Eaton (the "Eatons") (collectively, "Plaintiffs"). (2:16-cv-957, ECF No. 61 and 2:19-cv-3412, ECF No. 10). Defendant Ascent Resources-Utica, LLC ("Defendant") has responded in opposition to Plaintiffs' motions (2:16-cv-957, ECF No. 62 and 2:19-cv-3412, ECF No. 11), and Plaintiffs replied (2:16-cv-957, ECF No. 63 and 2:19-cv-3412, ECF No. 12). For the reasons that follow, Plaintiffs' motions for consolidation are **GRANTED.** (Case No. 2:16-cv-957, ECF No. 61 and Case No. 2:19-cv-3412, ECF No. 10).

# I.

These actions arise from a dispute over royalty payments that Defendant, an oil and gas company, owes to Plaintiffs who are royalty interest holders. Specifically, Plaintiffs own certain properties burdened by oil and gas leases that require Defendant to pay Plaintiffs a royalty in exchange for the rights to produce, save and market oil from their land. According to Plaintiffs, the royalty payments contain significant and improper "post-production" cost deductions for items such as compression, processing, treating, transportation, fuel, marketing and fathering. (Case No. 2:16-cv-957, ECF No. 20 at ¶ 42 and Case No. 2:19-cv-3412, ECF No. 2 at ¶ 31).

In light of these circumstances, Cunningham filed a putative class action lawsuit against Defendant which is before this Court and the Eatons filed a state court action against Defendant that was later removed to federal court and assigned to the docket of the Honorable James L. Graham. The Complaints in both actions assert the following claims only against one defendant, Ascent Resources-Utica, LLC.: (i) a request for accounting; (ii) breach of contract; (iii) unjust enrichment; and (iv) fraud. (Case No. 2:16-cv-957, ECF No. 20 at ¶ 91-116 and Case No. 2:19-cv-3412, ECF No. 2 at ¶ 58-80). Additionally, Cunningham and the Eatons both seek an injunction against Defendant to stop further deductions of post-production costs from royalty payments as well as a declaratory judgment that prohibits Defendant from deducting "post-production" costs from royalty payments. (Case No. 2:16-cv-957, ECF No. 20 at ¶ 118-123 and Case No. 2:19-cv-3412, ECF No. 2 at ¶ 82-87).

Cunningham and the Eatons seek to consolidate their cases into a single action before the undersigned. (Case No. 2:16-cv-957, ECF No. 61 and Case No. 2:19-cv-3412, ECF No. 10). In their motions for consolidation, Plaintiffs move the Court specifically to: (i) transfer the Eaton litigation to the undersigned's docket; (ii) to consolidate the Eaton and Cunningham litigation; and

(iii) to grant leave to Plaintiffs to file a combined amended complaint. (*See id.*). After Plaintiffs filed their motions for consolidation, the case was transferred to this Court's docket pursuant to this district's related case doctrine, S. D. Ohio Civ. R. 3.1, in essence granting Plaintiffs' request for transfer. (Case No. 2:16-cv-957, ECF No. 68 and Case No. 2:19-cv-3412, ECF No. 15).   In relevant part, Local Rule 3.1 provides:

> (b) **Related Cases.** . . . For purposes of this Rule, civil cases may be deemed related by the Court if they:
>
> > (1) Arise from the same or substantially identical transaction, happening, or event; or
> >
> > (2) Call for a determination of the same or substantially identical questions of law or fact; or
> >
> > (3) Would entail a substantial duplication of effort and expense by the Court and the parties if heard by different Judges; or
> >
> > (4) Seek relief that could result in a party's being subject to conflicting orders of this Court.

Consequently, the issues before the Court are consolidation and the propriety of filing an amended complaint.

## II

### A.    Standard

Federal Rule of Civil Procedure 42(a) affords the trial court the discretion to consolidate cases involving common questions of law or fact. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir.1993). Rule 42(a) states as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The purpose of consolidation is to "administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex, Corp*., 962 F.2d 1177, 1180 (6th Cir. 1992).

Courts should consider "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Doe v. Caremark, LLC*, No.s 2:18-cv-238 and 2:18-cv-488, 2019 U.S. Dist. LEXIS 8575, at *5-6 (S.D. Ohio Jan. 16, 2019) (citing *Cantrell v. GAF Corp*., 999 F.2d at 1011).

Ultimately, "consolidation does not merge the suits into a single action, change the rights of the parties, or make parties in one suit parties in the other." *Twaddle v. Diem*, 200 Fed.Appx. 435, 438 n.4 (6th Cir. 2006) (citing *Johnson v. Manhattan Ry. Co*., 289 U.S. 479, 496–97 (1933) (interpreting predecessor of Rule 42(a))). And "it is the district court's responsibility to ensure that parties are not prejudiced by consolidation." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412-13 (6th Cir. 1998).

## B.     Argument

Plaintiffs contend that consolidation is proper because both actions involve common questions of law and fact. (Case No. 2:19-cv-3412, ECF No. 10 at 4 & 6).[1] Plaintiffs advance two primary arguments in support of this position. First, Plaintiffs contend that the testimony of Defendant's Controller, Jeffrey Lenocker, supports consolidation. (*Id.* at 4). According to

---

[1] The motions for consolidation, response memoranda and reply memoranda in cases 2:16-cv-957 and 2:19-cv-1041 are almost identical. Therefore, all references in this Opinion and Order are to Case No. 2:19-cv-1041, unless otherwise stated.

Plaintiffs, Lenocker testified that deductions are taken based on lease language that falls into three categories: net proceeds, gross proceeds, and market enhancement clauses. (*Id.*) (citing Exhibit A, Lenocker Depo. at 19-20 & 70-73). Plaintiffs highlight that, by Lenocker's own admission, all lessors in these groups are treated the same in terms of deductions. (*Id.*). In Plaintiffs' view, Lenocker's testimony demonstrates that the difference between the Cunningham and Eaton lease, i.e., a Market Enhancement Clause, is merely superficial given that the leases are treated the same when it comes to the deduction of post-production costs. (*Id.*). Second, Plaintiffs argue that their conversations with Cunningham's expert supports the conclusion that Market Enhancement Clause lessors, like the Eatons, would constitute a proper sub-class in the Cunningham class action. (*Id.* at 4).

Defendant disagrees, contending that consolidation is inappropriate for three primary reasons. (ECF No. 11 at 7-11). Defendant argues, first, that consolidation is improper because the Eaton and Cunningham litigation are at two different phases, with discovery further along in the older case. (*Id.* at 7, 9). Second, the cases involve two separate issues of law and fact. (*Id.* at 7). According to Defendant, the issues of law and fact in each case differ because the Eaton lease contains a Market Enhancement Clause and the Cunningham lease does not. (*Id.* at 8). And, third, Defendant argues that the Cunningham and Eaton litigation should not be consolidated because doing so would bring "a new putative class claim into a case where no such claim could possibly have been asserted" again referring to the Market Enhancement Clause. (*Id.* at 11). Defendant's arguments are not well taken.

Consolidation will allow the Court to administer its business with expedition and economy while providing justice to the parties. It conserves judicial resources and the resources of the parties to place discovery, motion practice and trial on a unilateral track. The Cunningham and Eaton

litigations also involve overwhelmingly common questions of law and fact. To the extent that Defendant contends it will be prejudiced by the Eatons' Market Enhancement Clause, the Court agrees with Plaintiffs that this issue can be fairly dealt with as a sub-class if this case were to be granted class action status. Also, the Court highlights that consolidation does not require every question of law and fact to be the exact same. This one issue does not make the consolidation somehow unruly or cause the only defendant any prejudice. There is no potential risk of confusion and the burden on the parties and witnesses is certainly negligible since there is only one defendant and all plaintiffs support consolidation. While there will be some minor delay of the Cunningham action, balancing that against the benefit to all in combining into a single action and the relative expense to all concerned of the single-trial as opposed to multiple-trial alternatives support consolidation.

For these reasons, the Court concludes that consolidating the Eaton and Cunningham litigation is appropriate.

### III

### A.  Standard

Federal Rule of Civil Procedure 15(a) permits a party to amend the complaint after a responsive pleading has been filed only with the opposing party's consent or by leave of the court. With respect to the latter, such leave should "be freely granted when justice so requires." Fed. R. Civ. P. 15(a). That standard was construed by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue  of the allowance of the amendment, futility of amendment, etc.--

> the leave sought should be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

Delay alone is not a ground for denying leave to amend. *Dana Corporation v. Blue Cross & Blue Shield Mutual*, 900 F.2d 882, 888 (6th Cir. 1990). The party opposing leave to amend must demonstrate significant prejudice. *Duggins v. Steak ' N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999); *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986).

In addition to prejudice, futility may provide a basis for denying leave to amend. The Sixth Circuit has ruled that "it is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994).

"Normally, a party seeking an amendment should attach a copy of the amended complaint." *See Kuyat v. BioMimetic Therapeutics, Inc*., 747 F.3d 435, 444 (6th Cir. 2014). Although a copy of the amended complaint normally accompanies a request for leave to file an amended complaint, a district may be able to determine whether justice requires the amendment so long as the substance of the proposed amendment is available for the court's review. *Roskam Baking Co. v. Lanham Mach. Co*., 288 F.3d 895, 906 (6th Cir. 2002).

**B.     Argument**

In Defendant's view, the Court should deny Plaintiffs' request to amend because they have failed to attach a proposed amended complaint to their motion. (ECF No. 11 at 13). Defendant further contends that, even if the cases are consolidated Plaintiffs have failed to address whether good cause exists to modify the scheduling order in the Cunningham litigation to allow for the filing of a combined amended complaint. (*Id.*). In light of these circumstances, Defendant posits that a combined amended complaint is prejudicial and unwarranted.

7

Plaintiffs contend that if consolidated "the new facts regarding how Ascent groups its categories of leases and then treats its grouped leases, combined with facts learned about the company's failure to engage in arm's length transactions and the forthcoming opinion of Cunningham's expert, all present circumstances warranting amendment." (ECF No. 10 at 8). In that same vein, Plaintiffs argue that there is no risk of prejudice because combining the Eaton and Cunningham litigation would save resources and any timeline issues could be resolved through a reasonable extension. (*Id.* at 9). Likewise, Plaintiffs aver that a combined amended complaint would not be futile because certain claims in both actions have survived the 12(b)(6) stage. (*Id.*). This Court agrees.

First, Plaintiffs provide an acceptable reason for not attaching a proposed amended complaint, explaining that the precise form of the amended complaint hinges on whether this Court grants consolidation. (ECF No. 12 at 6-8). Instead, Plaintiffs have provided the substance of their proposed amendments, which is sufficient. After reviewing the substance of Plaintiffs' proposed amendments, the Court is satisfied that, under these circumstances, justice requires the filing of a combined amended complaint. The Court and parties will benefit from a combined amended complaint. Accordingly, Plaintiffs' request to file a combined amended complaint is well taken.

## IV.

For the reasons set forth above, Plaintiffs' motions for consolidation are **GRANTED.** (Case No. 2:16-cv-957, ECF No. 61 and Case No. 2:19-cv-3412, ECF No. 10) and Plaintiffs' requests for leave to file a combined amended complaint is **GRANTED.**  Plaintiffs shall file their amended complaint within fourteen days of the date of this decision.

**IT IS SO ORDERED.**

<u>s/ Edmund A. Sargus, Jr.</u>

**DATE:  7/23/2020**                    **EDMUND A. SARGUS, JR.**
                                         **UNITED STATES DISTRICT JUDGE**