UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN EATON and CYNTHIA EATON, individually and on behalf of a class of all other similarly situated, <br><br> and <br><br> CUNNINGHAM PROPERTY MANAGEMENT TRUST, individually and on behalf of a class of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ASCENT RESOURCES – UTICA, LLC <br><br> Defendant. | Case No. 2:19-cv-3412 <br><br> JUDGE EDMUND A. SARGUS, JR. <br> Magistrate Judge Chelsea Vascura |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S PARTIAL MOTION TO DISMISS (ECF No. 23)**

Plaintiffs Brian Eaton, Cynthia Eaton, and Cunningham Property Management Trust and Defendant Ascent Resources – UTICA, LLC ("ARU") seek to relitigate issues previously decided by this Court. Before these cases were consolidated, the Court granted ARU's motion to dismiss as to Cunningham's contractual breach claim and denied the motion as to Cunningham's fraud claim. Now, ARU moves to dismiss the same two claims in a nearly identical amended consolidated class action complaint with the Eatons and Cunningham as named plaintiffs. Because no party demonstrates that the Court should revisit its previous rulings, ARU's partial motion to dismiss is granted in part and denied in part, consistent with the Court's previous ruling.

1

I.     Background

The Eatons and Cunningham filed suits based on ARU's alleged underpayment of royalties for oil and natural gas. ARU entered into lease agreements with both the Eatons and Cunningham in which it promised to pay royalties in exchange for the right to horizontally drill for oil and gas on Plaintiffs' properties. (ECF No. 21 at PageID #218–19.) Plaintiffs discovered that ARU was deducting "post-production" costs from their royalties, itemized as "compression, processing, treating, transportation, fuel marketing, gathering, and other costs," which they contend violates the lease agreements. (*Id.* at PageID #230, 223.)

Prior to consolidation, the Court adjudicated ARU's motion to dismiss Cunningham's complaint, which raised breach of contract, accounting, unjust enrichment, and fraud claims. *Cunningham Prop. Mgmt. Tr. v. Ascent Res. – Utica, LLC*, 351 F. Supp. 3d 1056, 1061 (S.D. Ohio 2018). The Court held that the lease permitted post-production costs to be deducted, incorporating the analysis of *Lutz v. Chesapeake Appalachia, LLC*, No. 4:09-cv-2256, 2017 WL 4810703 (N.D. Ohio Oct. 25, 2017), *aff'd on other grounds*, *Lutz v. Chesapeake Appalachia, LLC*, 807 F. App'x 528 (6th Cir. 2020). *Id.* at 1062. In *Lutz*, the court held that the "at-the-well" rule applied to the royalty because the provision referred to "the market value at the well," even if the gas was not actually sold at the wellhead. 2017 WL 4810703, at *7–8. The at-the-well rule requires that post-production costs be shared proportionately between a lessor and lessee. *Id.* at *6; *see also id.* at *5 (defining the "marketable-product" rule, which requires the lessee to bear the post-production costs). The royalty provision of Cunningham's lease provided that ARU would pay to Cunningham "as royalty for the gas marketed and used off the premises and produced from each well drilled thereon, the sum of one-eighth (1/8) of the wellhead price paid to [ARU] per thousand cubic feet of such gas so marketed and used." *Cunningham*, 351 F. Supp. 3d at 1059. The

"wellhead price" language from the royalty provision in the Cunningham lease was materially indistinguishable from the language in *Lutz*. *Id.* at 1062. Thus, the at-the-well rule applied, permitting ARU to deduct post-production costs, and this Court granted ARU's motion in part and dismissed Cunningham's breach of contract claim. *Id.* The Court denied Cunningham's subsequent motion for reconsideration of this claim and rejected Cunningham's argument that *Zehentbauer Family Land, LP v. Chesapeake Exploration, LLC*, 935 F.3d 496 (6th Cir. 2019), was an intervening decision. *Cunningham Prop. Mgt. Tr. v. Ascent Res. – UTICA, LLC*, No. 2:16-CV-957, 2020 WL 1227207 (S.D. Ohio Mar. 13, 2020). (*See also* ECF No. 65.)

As for Cunningham's fraud claim, ARU's motion was denied. *Cunningham*, 351 F. Supp. 3d at 1066–67. The Court reasoned that it would have been premature to dismiss the fraud claim as duplicative of the contractual breach claim because discovery could reveal separate and distinct damages from the breach-of-contract damages. *Id.* ARU's motion to dismiss Cunningham's remaining claims was denied. *Id.* at 1066.

Subsequently, the Court granted the Eatons's motion to consolidate these cases. *Cunningham Prop. Mgt. Tr. v. Ascent Res. – UTICA, LLC*, Nos. 2:16-CV-957, 2:19-CV-3412, 2020 WL 4217962 (S.D. Ohio July 23, 2020). Plaintiffs filed an amended complaint. (ECF No. 21.) Plaintiffs raise the same claims as those in Cunningham's original complaint: accounting, breach of contract, unjust enrichment, and fraud. (*Id.*) The main difference between the original complaint filed by Cunningham and the consolidated compliant is the inclusion of allegations pertaining to the Eatons, such as the Eatons's royalty provision. (*See id.* at PageID # 221–28.) Of particular importance is that Cunningham again alleges that ARU violated the royalty agreement by deducting post-production costs, pointing to the same royalty provision language as before. (*Id.* at PageID #229.)

3

ARU filed the instant motion to dismiss.  (ECF No. 23.)  The briefing is now complete. (ECF Nos. 27, 28.)

## II. Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 "does not require 'detailed factual allegations,'" but pleadings cannot consist only of "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "'naked assertion[s] devoid of "further factual enhancement."'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  To survive a motion to dismiss for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "a plaintiff must 'allege[ ] facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level."'"  *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Courts must "construe the complaint in the light most favorable to the plaintiff and accept all [well-pleaded factual] allegations as true."  *Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)).

## III. Analysis

ARU argues that the previous opinion granting ARU's motion to dismiss with regard to Cunningham's breach of contract claim is the law of this case, requiring dismissal of Cunningham's breach of contract claim in the amended consolidated class action complaint, and that Plaintiffs' fraud claim is duplicative of their breach of contract claims.  (ECF No. 24 at PageID

#367–71.)  Plaintiffs counter that the Court should exercise its discretion to revisit its previous opinion because it is clearly erroneous.  (ECF No. 27 at PageID #383–94.)  They also argue that the Court's prior holding, that it was premature on a motion to dismiss to determine whether the contractual breach and fraud claims sought duplicative damages, is still applicable given the procedural posture of this case.  (*Id.* at PageID #397.)  Neither side may relitigate the previously decided issues in this case.  Therefore, Cunningham's breach of contract claim must be dismissed, and the fraud claim survives the motion to dismiss.

### A.  Contract Claim

The law-of-the-case doctrine counsels that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017) (quoting *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir. 2004)).  The doctrine "is a prudential practice; a court may revisit earlier issues, but should decline to do so to encourage efficient litigation and deter 'indefatigable diehards.'" *Howe v. City of Akron*, 801 F.3d 718, 740 (6th Cir. 2015) (quoting 18B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure:  Jurisdiction & Related Matters § 4478 (4th Ed. 2015)).  Only in "three exceptional circumstances" will courts in this circuit "consider a previously decided issue":  (1) when a party raises "substantially different evidence," (2) when an intervening and controlling opinion is decided after the initial adjudication, and (3) when the decision is "clearly erroneous and would work a manifest injustice." *Moody v. Mich. Gaming Control Bd.*, 871 F.3d 420, 426 (6th Cir. 2017) (quoting *United States v. Rayborn*, 495 F.3d 328, 337 (6th Cir. 2007)).  "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Holt v. City of Battle*

*Creek*, 925 F.3d 905, 910 (6th Cir. 2019) (quoting *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015)).

Cunningham[1] does not dispute that the prior ruling on ARU's motion to dismiss Cunningham's contractual breach claim is the law of the case; instead, Cunningham argues that the Court should exercise its discretion to revisit this ruling because it is clearly erroneous and would work a manifest injustice. (ECF No. 27 at PageID #383–84.) But Cunningham does not identify clear error under either Ohio law or Sixth Circuit precedent, as it purports to do.

First, Ohio law. To avoid the application of the at-the-well rule, which permits the deduction of post-production cost from royalties, Cunningham argues that the inclusion of "wellhead" in its royalty provision refers to sales actually occurring at the wellhead. (*Id.* at PageID #387.) Wellhead sales occurred prior to 1992, but no longer happen now. (*Id.* at PageID #388.) Therefore, Cunningham argues, the court in *Lutz* was wrong when it decided that the "at the wellhead" language unambiguously referred to the price calculated at the wellhead, which incorporates the at-the-wellhead rule, even if the gas was not actually sold there. (*Id.* at PageID #389.) But Cunningham ignores the plain text and attempts to create ambiguities relying on extrinsic evidence in contravention of Ohio law.

The plain text of the royalty provision unambiguously references the value of the gas at the wellhead—not the value of the gas at the wellhead only if the gas is sold there. As in *Lutz*, the reference to the gas or oil well or wellhead is used to describe the value of the commodity. In *Lutz*, the royalty provision provided that the royalties to be paid are based on "*the market value* at the well." 2017 WL 4810703, at *4 (emphasis added). And in this case, the royalty provision for

---

[1] ARU does not argue that the Eatons fail to state a claim for contractual breach based on the post-production cost deductions. (ECF No. 24 at PageID #367.) The Eatons's royalty provision is not identical to the royalty provision in Cunningham's lease. (*Compare* ECF No. 21 at PageID #222–23, *with id.* at PageID #229.)

Cunningham states that the royalty is based on "the sum of one-eighth (1/8) of the *wellhead price paid*." (ECF No. 21 at PageID #229 (emphasis added).) There is no plain-text support for Cunningham's assertion that the wellhead price refers only to oil and gas actually sold at the wellhead.

The only counterargument Cunningham offers is the nonexistent wellhead marketplace after 1992, as described above. But Cunningham attempts to create an ambiguity in the text by relying on extrinsic evidence, which the Ohio Supreme Court prohibits: "If no ambiguity appears on the face of the instrument, parol evidence cannot be considered in an effort to demonstrate such an ambiguity." *Shifrin v. Forest City Enters., Inc.*, 597 N.E.2d 499, 501 (Ohio 1992); *see also Zehentbauer Family Land LP v. Chesapeake Exploration, LLC*, 450 F. Supp. 3d 790, 802 (N.D. Ohio 2020, *appeal filed*, No. 20-3469 (6th Cir May 1, 2020). Even so, Cunningham's arguments do not hold up. Cunningham does not argue that there is no value of oil or gas at the wellhead—only that no market currently exists to sell oil and gas at wellheads. Moreover, if the Court were to credit Cunningham's interpretation, Cunningham would not receive a royalty payment at all because the royalty provision only references the wellhead price. (ECF No. 21 at PageID #229; ECF No. 21-3.)

Cunningham falls far short of demonstrating error so obvious that the reviewing court would be left with the definite and firm conviction that an error had been made. Indeed, other courts have interpreted similar language to incorporate the at-the-wellhead rule. *See Zehentbauer*, 450 F. Supp. 3d at 809 (collecting cases); *Bounty Mins., LLC v. Chesapeake Exploration, LLC*, No. 5:17cv1695, 2019 WL 7171353, at *15 & n.14 (N.D. Ohio Dec. 23, 2019) (same), *appeal filed*, No. 20-3043 (6th Cir. Jan 9, 2020). At best, Cunningham expresses disagreement with this Court's interpretation of the "wellhead" language.

Cunningham fares no better in its argument that the Court's prior decision is in contravention of Sixth Circuit precedent.  Cunningham again points to the Sixth Circuit case *Zehentbauer* (ECF No. 27 at PageID #391), but this argument is simply a repackaging of Cunningham's argument from its motion for reconsideration.  *See Cunningham*, 2020 WL 1227207, at *3–5.  This is insufficient to show clear error.  *Svete v. Wunderlich*, No. 2:07–CV–156, 2009 WL 330297, at *1 (S.D. Ohio Feb. 6, 2009) (rejecting a motion to reconsider, which shares the clear-error and manifest-injustice standard, when the plaintiff reiterated previous arguments).

Cunningham had its chance to litigate the interpretation of the royalty provision, and the Court rejected its attempt to relitigate the issue in its motion to reconsider.  Cunningham still does not demonstrate more than mere disagreement with the Court's prior decision, and so the Court must once again reject its efforts to rewrite the earlier outcome.  The law-of-the-case doctrine applies, and Cunningham's contractual breach claim is dismissed for failure to state a claim.

### B. Tort Claim

Next, ARU argues that the consolidated cases are now in a procedurally different posture because of "Plaintiffs' representations that they do not anticipate the need for significant additional fact discovery," meaning it would no longer be premature to determine if Plaintiffs' fraud claim is duplicative of their contractual breach claim. (ECF No. 24 at PageID #370–71.)  ARU is mistaken. Although the cases have been consolidated, the cases are still at the motion-to-dismiss stage because an amended consolidated class action complaint has been filed.  In fact, discovery is ongoing.  If ARU wishes to move to have claims dismissed based on an aspect of discovery, a summary judgment motion would be the appropriate route.  At this stage, the Court must still accept the well-pleaded allegations as true, and ARU points to nothing in the complaint that shows

why the Court's previous adjudication of Cunningham's complaint compels a different outcome here.  In fact, the law-of-the-case doctrine applies with equal force to all issues actually decided by this Court, which including this one.  *Howe*, 801 F.3d at 739.  Therefore, Plaintiffs' fraud claim survives the motion to dismiss.

## IV. Conclusion

Accordingly, ARU's partial motion to dismiss (ECF No. 23) is **GRANTED IN PART AND DENIED IN PART**.  It is **GRANTED** as to Cunningham's contractual breach claim and **DENIED** as to Plaintiffs' fraud claim.

**IT IS SO ORDERED.**


| | |
|---|---|
| **3/8/2021**<br>**DATE** | s/Edmund A. Sargus, Jr.<br>**EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |