UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN CHRISTOPHER EATON**, *et al.*,

    **Plaintiffs**,

v.

**ASCENT RESOURCES-UTICA, LLC**,

    **Defendant**.

**Case No. 2:19-cv-03412**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Approval of Notice of Certification of Classes. (ECF No. 109.) Defendant Ascent Resources-Utica, LLC, does not oppose the proposed Notice Plan. (*Id.*) (ECF No. 110.) For the reasons below, the Motion is **GRANTED**.

    **I.**    **BACKGROUND**

This case involves two consolidated lawsuits brought by Brian and Cynthia Eaton ("the Eatons") and Cunningham Property Management Trust ("Cunningham"), both of whom are landowners and mineral rights owners who allowed Ascent to produce oil and natural gas from their properties under oil and gas leases. (ECF No. 17.) Both Plaintiffs assert that Ascent systematically underpaid them royalties on their leases.

In August 2021, the Court certified the following class:

> All persons or entities (including their predecessors and successors-in-interest) who have received, or who are entitled to receive royalty payments from natural gas or oil wells located in Ohio, who were paid royalties by Ascent at any time since October 1, 2014, and who fit into one [of five] subclasses.

(ECF No. 52, PageID 1305–06.) The Court certified the class with the exclusions below:

> Excluded from the Class and each Subclass are Ascent, any of its affiliates, parents, subsidiaries, officers, directors, employees, legal representatives, successors, and assigns, and any entity in which Ascent has a controlling interest, as well as that entity's officers, directors, employees, legal representatives, successors, and assigns, in addition to the judicial officers and their immediate family members and court staff assigned to this lawsuit. Also excluded are those persons or entities whose royalties are paid per an overriding royalty interest, or those with working interests.

(*Id.*)

In April 2024, the Court granted Ascent's Motion to modify the class definitions certified here to also exclude members of the class subject to binding arbitration agreements. (ECF No. 107, PageID 2950–51.) Plaintiffs are now working to effectuate class notice by the deadlines set by the Court. (*See* ECF Nos. 108, 109, 110.) The Parties have agreed upon a Notice Plan and seek the Court's approval of the notice form to implement the plan and disseminate notice. (ECF No. 109, PageID 2956.)

## II.  STANDARD OF REVIEW

Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure establishes the class action notice plan requirements. That Rule requires all members of a class certified under Rule 23(b)(3), who can be identified through reasonable effort, to receive "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). To provide the best notice practicable, the notice "must clearly and concisely state in plain, easily understood language" the following information:

(i)   the nature of the action;
(ii)  the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv)  that a class member may enter an appearance through an attorney if the member so desires;
(v)   that the court will exclude from the class any member who requests exclusion;
(vi)  the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

2

Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii). Finally, the notice must comply with due process. *See Barnes v. Winking Lizard, Inc.*, No. 1:18-cv-952, 2019 U.S. Dist. LEXIS 65657, *12 (N.D. Ohio Mar. 26, 2019).

### III. ANALYSIS

The Court has reviewed the agreed upon Notice Plan. (See ECF No. 109-1, PageID 2962–2969.) The class members will be provided notice by United States mail. (*Id.* at PageID 2956–57.) The notice is written in easily understood terms and properly layouts out the nature of the action including the class claims, issues, and defenses as well as the definition of the certified class. (ECF No. 109-1, PageID 2962.) It also provides a website where class members can access the parties' pleadings and other documents, a toll-free telephone number for more information, and the contact information for Class Counsel and the Notice Administrator who class members may contact. (*Id.* at PageID 2965, 2968.) The notice also explains why a class member may wish to be excluded from the lawsuit, including the binding effect of a class judgment, and provides detailed instructions on how a class member may request exclusion from the lawsuit. (*Id.* at PageID 2967–68.) The October 4, 2024 deadline to opt-out or request exclusion from the lawsuit is clearly marked and bolded within the notice. (*Id.* at PageID 2968.)

Accordingly, the Court finds that the unopposed notice plan satisfies the requirements under Rule 23(c)(2)(B). Because the notice plan is reasonable, ensures each class member is apprised of their rights and an opportunity to be heard if they so choose, the notice plan also satisfies due process.

## IV.    CONCLUSION

For the reasons above, the Motion for Approval of Notice of Certification of Classes (ECF No. 109) is **GRANTED**.

This case remains open.

**IT IS SO ORDERED.**

**8/23/2024**                                                **s/Edmund A. Sargus, Jr.**
**DATE**                                                        **EDMUND A. SARGUS, JR.**
                                                                   **UNITED STATES DISTRICT JUDGE**